## MADDEN vs ANDERSON ET AL.

Opinion delivered October 19, 1904.

1. *Ejectment—Pleading—Reply—Demurrer Thereto.*

   Under Sec. 5043 Mansf. Dig. (32, 48 Ind. Ter. Stat.) a reply, in an action of ejectment, which does not set up a counter-claim or set-off is a nullity, and it was error for the court to sustain a demurrer thereto and require the plaintiff to plead further.

2. *Ejectment—Pleadings—Judgment Upon.*

   It was error for the court, after sustaining a demurrer to a reply by plaintiff to an answer pleading neither a set-off nor counter-claim, to enter judgment upon the pleadings against plaintiff, where the complaint stated a cause of action.

3. *Townsite—Ejectment to Recover Lots—Decision of Townsite Commission —Effect of.*

   In an action of ejectment to recover possession of lots in a townsite in the Creek nation, the answer alleged a determination of the occupancy and right to purchase by the townsite Commission. *Held*, such allegations stated a defense but the fact as to whether such action had been had, and what it was and whether in accordance with law, well as the plaintiff's rights by reason of a prior possession, should all have been investigated, instead of rendering judgment for defendant, upon such pleading.

Appeal from the United States Court for the Central District.

WILLIAM H. H. CLAYTON, Judge.

Action by W. A. Madden against S. V. Anderson and others. Judgment for defendants. Plaintiff appeals. Reversed.

Action of ejectment, in which Madden, as plaintiff, filed complaint against defendants on October 19, 1900, in the United States Court for the Northern District of Indian Territory, at Wagoner. On December 3, 1900, W. A. Barbee filed his answer. On November 1, 1901, plaintiff filed his amended complaint, which, without the caption, reads as follows:

"Now comes the plaintiff, and, after leave of court first had and obtained, amends his original complaint in this cause to read as follows:

"The plaintiff, William A. Madden, complains of the defendants above named, and for cause of complaint says: That the defendants S. V. Anderson and S. M. Barbee are residents of the town of Wagoner, in said district, and the defendant the Wagoner Light & Power Company is a corporation duly incorporated and doing business in the town of Wagoner, in said district, and T. C. Harrill is president and J. G. Knight is secretary of said corporation, and both reside in the town of Wagoner. (2) That plaintiff is the owner of, and entitled to the possession of, the following described real estate situate in the town of Wagoner, in said district, to wit: Blocks 410 and 436 and lot 4 in block 411, as surveyed and platted by the duly appointed town site commissioners of said town of Wagoner. (3) The plaintiff claims title to said lands as follows: In 1888 or 1889 Patsy Overton and Dogwood Sharp, both citizens of the Creek Nation, segregated the lands included in block 410 and lot 4 in block 411 from the public domain, and fenced the same, and Patsy Overton

afterwards sold her interest to Mose Thompson, and Mose Thompson afterward sold same to J. F. Schrimpsher, who afterwards sold to N. B. Childers, who had also bought Dogwood Sharp's interest; and thereafter, on June 24, 1893, said Childers sold same to plaintiff, as will appear from a copy of the bill of sale herewith filed, marked 'Exhibit A,' and that portion of said premises contained in block 436 was segregated from the public domain by Frank E. Wells in 1888, while he was operating a mill as a licensed trader in the Creek Nation, and said Wells afterwards sold same to J. H. McQuarrie, who on the 23d day of June, 1893, sold same to the plaintiff, as will appear from a copy of his bill of sale herewith filed, marked 'Exhibit B,' (4) Plaintiff further states that he went into possession of said premises immediately after he purchased same, and kept up the fences around the same, and continued in possession of the same until about June, 1900, when the defendant Barbee broke down the fence and moved a house on block 410, and put the defendant Anderson in said house, and, as plaintiff is informed, sold or attempted to sell block 436 to Wagoner Light & Power Company, who went into possession of and is now claiming same under said Barbee. (5) That the rental value of all of said premises is two hundred dollars per year. Wherefore plaintiff prays for judgment for possession of said premises, and for the use and occupancy of the same, and for all proper relief."

On January 9, 1902, on application of plaintiff, the venue of the case for trial was changed to the Central District of Indian Territory, at South McAlester, and on April 2, 1902, the defendant filed answer to the amended complaint as follows:

"Come the defendants, and, for answer to the amended complaint of plaintiff filed herein, deny that plaintiff is owner of, and deny that he is entitled to the possession of, the real estate described in the amended complaint, to wit, block 410 and block

436, and lot 4 in block 411, as surveyed and platted by the duly appointed town site commissioners of the town of Wagoner, Ind. Ter.

"As to how the plaintiff claims title, defendants have no knowledge or information, except as disclosed by his original complaint herein, and his amended complaint, and therefore ask that he be put to strict proof of his title. They deny that in 1888 or 1889 Patsy Overton and Dogwood Sharp, or either of them, segregated the lands included in block 410 and lot 4 in block 411 from the public domain of the Creek Nation, but as to whether Patsy Overton afterwards sold or attempted to sell any interest therein to Mose Thompson, and Mose Thompson to J. N. Schrimpsher, and Schrimpsher to N. B. Childers, and whether N. B. Childers ever attempted to buy an alleged interest of Dogwood Sharp, and afterwards, on the 24th day of June, 1893, or at any other time, attempted to sell the land in controversy, or any part thereof, to the plaintiff, defendants have no knowledge or information sufficient to form a belief, and therefore deny the same, and ask that strict proof of all said allegations be required of the plaintiff.

"Defendants deny that any part of the lands included in block 436 was segregated from the public domain by Frank E. Wells in 1888, and deny that Frank E. Wells was at the time operating a mill as a licensed trader in the Creek Nation, and deny that said Wells ever was a licensed trader in the Creek Nation; that, as to whether said Wells ever attempted to sell any part of said land to J. H. McQuarrie, or whether said McQuarrie on the 23d day of June, 1893, or at any other time, ever sold or attempted to sell the same, or any part thereof, to plaintiff defendants have no knowledge or information sufficient to form a belief, and therefore ask that strict proof of said allegations be required of plaintiff.

"Defendants deny that plaintiff went into possession of said premises immediately after his alleged purchase, or at any time, and deny that he has kept up the fence around the same, and deny that he has continued in possession of the same until about June, 1900, when defendant Barbee broke down the fence, and moved a house on block 410, and put defendant Anderson in said house, but state the truth to be that on or about the day last named the defendant S. M. Barbee did move upon said block 410 a certain dwelling house, of the value of six hundred dollars ($600); that defendant Barbee moved said house thereon believing that she had a good and perfect title to the premises in controversy, she having been in possession of said premises for upwards of ten years prior thereto. Defendant S. M. Barbee admits that she sold to J. G. Knight and T. C. Harrill block 436 of the land in controversy, and that they transferred the same to the Wagoner Light & Power Company, and that the Wagoner Light & Power Company is now in possession thereof, claiming title through said conveyance, and, in good faith believing that it had a perfect title to the same, has erected thereon substantial and valuable improvements and betterments of the value of ———dollars.

"Defendants deny that the rental value of said premises is two hundred dollars ($200) a year, and they further deny that the damages for the detention of the same is two hundred dollars per year, and state the truth to be that the rental value of said premises, independent of the improvements and betterments placed thereon by the defendant S. M. Barbee and the Wagoner Light & Power Company, does not exceed twelve dollars ($12) per year, and the damages for detention thereof does not exceed twelve dollars per year.

"Further answering, the defendant states that S. V. Anderson has no interest whatever in the premises in controversy,

but was upon the same at the original institution of this suit merely as the tenant of S. M. Barbee; that the truth and fact is that about the fall of 1889 or 1890 the defendant D. M. Barbee segregated the premises in controversy from the public domain of the Creek Nation by taking the same up and inclosing the same with a substantial fence, and that said lands have ever since been in her possession and under her enclosure; that, at the time she took up the said land from the public domain and inclosed the same, no other Creek citizen has ever placed any improvements thereon; that the same was a part of the public domain of the Creek Nation, unimproved and uninclosed by any person; that the defendant S. M. Barbee is the owner of all of said premises and the improvements thereon, which she heretofore sold to J. G. Knight and T. C. Harrel, who in turn sold the same to the Wagoner Light & Power Company, and that the Wagoner Light & Power Company are the owners of, and entitled to the possession of, said block 436, and all the improvements thereon.

"Further answering the complaint of plaintiff herein, the defendants state that the precise issues involved in this suit have been heretofore determined by the honorable town site commission of the Creek Nation of the Indian Territory, appointed under the agreement of the United States of America and the Creek Nation, as amended, accepted, ratified, and confirmed by an act of Congress approved March 1, 1901, and ratified by the Creek National Council May 25, 1901, and by a judgment of said town site commission in a contest wherein plaintiff herein, Wm. A. Madden, claimed the right to have block 436 scheduled to him, and the Wagoner Light & Power Company claimed the right to said lot scheduled to it, the said commission found all of the issues in favor of the Wagoner Light & Power Company, and that it was entitled to the said tract of land, all of which will more fully appear from their said judgment, which, caption omitted, is in words and figures as follows, to wit:

" 'The above-named claimant makes claim that he is entitled to purchase lots 2, 3, and 5 in block 436 in the incorporated town of Wagoner, Creek Nation, Indian Territory, under the provisions of the act approved March 1, 1901. This case was fully heard by the Wagoner town site commission, and the complete evidence in the case taken by an expert stenographer and typewritten. The evidence in the case of William A. Madden vs Sallie M. Barbee was, by agreement of counsel for both parties, received as evidence in this case. The evidence was carefully read over by this commission, and this commission find that the premises in controversy were inclosed by a substantial fence and other improvements made thereon about June, 1890, by Sallie M. Barbee, who was then Sallie Hailey, and was then and is now a citizen by blood of the Creek Nation; that no other citizen of the Creek Nation has ever made any improvements on the premises, or segregated the same in any way from the public domain of the Creek Nation; and that the said Sallie M. Barbee was in the quiet, peaceful, and undisturbed possession of said premises up to about the 1st of October, 1900, when she gave a bill of sale for the same to the defendant. The commission therefore find that said lots have been properly awarded to said defendant, and that this petition, Madden vs Wagoner Light & Power Company, be dismissed. Dwight W. Tuttle, H. C. Linn, Geo. A. Alexander, Creek Town Site Commissioners.'

"Further answering the complaint of plaintiff herein, the defendants state that the precise issues involved in this suit have been heretofore determined by the honorable town site commission for the Creek Nation of the Indian Territory, appointed under the agreement between the United States of America and the Creek Nation, as amended, accepted, ratified, and confirmed by an act of Congress approved March 1, 1901, and ratified by the Creek National Council May 25, 1901, and by a judgment of said town site commission in a contest wherein plaintiff herein,

Wm. A. Madden, claimed the right to have block 410 scheduled to him, and lot 4 in block 411, and Sallie M. Barbee claimed the right to have the said lands scheduled to her, the said commission found all of the issues in favor of Sallie M. Barbee, and that she was entitled to said tracts of land, all of which will more fully appear from their said judgment, which, caption omitted, is in words and figures as follows, to wit:

" 'The above-named claimant makes claim that he is entitled to purchase lots 1, 2, and 3 in block 410, and lot 4 in block 411, in the incorporated town of Wagoner, Creek Nation, Indian Territory, under the provisions of section 13 of the act approved March 1, 1901. This case was fully heard by the Wagoner Town Site Commission, and the complete evidence in the case was taken by an expert stenographer and typewritten. This evidence was carefully read by this commission. Said Madden claims to have acquired the right of occupancy from one N. B. Childers by a bill of sale dated June 24, 1893. This commission find from the evidence submitted that the property in controversy was inclosed and segregated from the public domain of the Creek Nation by the said defendant in February or March, 1890; that at the time the said premises were inclosed the same were open and unimproved, and that the said defendant is a citizen by blood of the Creek Nation, and, under the laws of the Creek Nation, had a right to inclose and improve said premises; that since that time she has been in possession of said property, and has kept the same inclosed with a fence, and has a house thereon. The claimant attempted to prove that the lots in question were fenced and inclosed by one J. C. Overton previous to the time that it was so fenced by the defendant. The commission also find that J. C. Overton was not a Creek citizen, and has no rights pertaining to a citizen of the Creek Nation. The defendant has established by a preponderance of evidence that she has been in the uninterrupted possession of the land in ques-

tion ever since she has fenced the same, and the commission find that the claimant failed to establish any legal right of occupancy to the premises in controversy, and therefore find that this petition be dismissed, and the land in question be scheduled to Mrs. Sallie M. Barbee. Dwight W. Tuttle, H. C. Linn, Geo. A. Alexander, Creek Town Site Commissioners.'

"For a further defense to the complaint of plaintiff herein, defendants state that plaintiff is not entitled to sue herein or maintain this action for the land mentioned in this complaint because neither he, nor any grantee of his, has been in possession of the said premises for more than seven (7) years next before the institution of this cause, and that this cause was not brought within seven years after the alleged title and cause of action herein accrued, as required by section 4471 of Mansfield's Digest of the Statutes of Arkansas, adopted and in force in the Indian Territory.

"And for a further defense to the complaint of plaintiff herein, defendants state that plaintiff should not be permitted to maintain this cause because the title to the soil is not in either plaintiff or defendants, and neither plaintiff, nor any grantor of his, nor any person through whom he claims title, has ever been in possession of the premises in controversy at any time during five (5) years next preceding the institution of this suit, and therefore no action can be maintained for the said premises, because of the provisions of section 3477 of Mansfield's Digest of the Statutes of Arkansas, adopted and in force in the Indian Territory.

"Wherefore, having fully answered, the defendants pray that this suit be dismissed at the cost of the plaintiff, and that the defendant be awarded against this plaintiff all their costs in this action laid out and expended, and for all other proper relief."

To this answer plaintiff filed demurrer to certain paragraphs thereof, which demurrer was overruled; and thereafter, on May 2, 1902, plaintiff filed reply to answer to amended complaint. To this reply, defendant filed a demurrer, which demurrer was sustained by the court, and to which ruling of court plaintiff excepted, and refused to plead further. Whereupon the court found that the defendant should have judgment upon the pleadings, and entered up judgment against the plaintiff that he take nothing by his suit, and that defendants have and recover their costs. To which judgment plaintiff excepted, and prayed an appeal, which was allowed, and the case stands in this court upon the appeal.

*Wm. E. Linton, Maxey & Hunt,* and *Stuart & Gordon,* for appellant.

*Preston C. West,* for appellees.

GILL, J. We have purposely set out the complaint and answer, lengthy as they are, in full, in the foregoing statement, and have purposely omitted what purported to be a reply in the case, inasmuch as, in our view of the law, it makes no difference in this case as to whether the paper called a "reply" was in the files or not.

The action of ejectment is an action at law, and, such being the case, under the statute (Mansf. Dig. § 5043; Ind. Ter. St. 1899, § 3248), "there shall be no reply, except upon the allegation of a counterclaim or set-off in the answer." And the answer in this case not containing a set-off or counterclaim, the reply is to be treated as a nullity.

The action of the court in sustaining the demurrer to this reply, and requiring the plaintiff thereon to plead further, was

error; and, in like manner, it was error to enter up judgment against plaintiff on the pleadings, provided plaintiff's complaint stated a cause of action. An examination of the complaint in this action shows conclusively that plaintiff set out a cause of action, and the denials of the truth of the statements therein formed issues in the action which should have been submitted to a jury. Whether the new matter pleaded in the answer of the action on the part of town site commissioners constituted a defense was a matter of law to be determined by the court upon the demurrer of plaintiff thereto; but, after the court decided that the action of such commissioners was a proper matter of defense, this did not relieve the defendant from being required to sustain the same by proof, as he would be required to do in any particular special defense; and for the court to enter up judgment upon the pleadings without settling the issues of fact was error, for which this case should be reversed, and the case remanded for trial of the issues raised therein.

The effect of the pleadings in this action show that, after this suit was begun in the United States Court at Wagoner, proceedings were had before the town site commissioners for the determination of the exact question in dispute; that such board of town site commissioners, without awaiting the result of the action of the United States Court, proceeded to investigate the dispute between the parties, and, upon such investigation, determined the matter in favor of the defendants herein, and awarded the right to purchase to them; and that defendants then came into the suit in court, claiming the award of the board as a defense. To this claim plaintiffs interposed their demurrer, and the court overruled such demurrer, and we are asked now to say whether the action of the court in overruling this demurrer was correct or erroneous. Congress has by law determined that town property in the Creek Nation shall be appraised by a board of town site commissioners appointed in a special way, and the town

site board in this case, properly constituted, had the right to determine, in a proper way, and upon compliance with the law, to which of these claimants the right of purchase of these lots should be awarded; but Congress at no time has ever attempted to deprive the courts of jurisdiction to determine the ultimate rights of parties claimant of these town lots, and the courts at all times are invested with authority, in proper proceedings, to determine the rights of parties without reference to what the board of town site commissioners may have at any time determined. In this case the court properly overruled the demurrer interposed by plaintiff to defendants' answer, but the fact of what was the action of the board of town site commissioners, or whether such board had acted at all, or whether the action of such board was in accordance with the law, and entitled the defendant to recover in this action, were matters which the court below should have investigated, as well as the fact of whether or not plaintiff was entitled, by reason of his antecedent settlement, and possession of the premises, to recover the same from the defendant. The case is therefore accordingly reversed and remanded, with directions to the lower court to proceed with the same in proper manner and in accordance with this opinion.

Reversed and remanded.

RAYMOND, C. J., and TOWNSEND, J., concur.